BANKRUPTCY COURT FOR THE WESTERN DISTRICT

OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TIANJIN JAHO INVESTMENT INC., | |
| Plaintiff, | |
| v. | NO. 21-11047-CMA |
| S.Y.S. LLC, | ADV. PRO. _____ |
| Defendant. | COMPLAINT FOR DISALLOWANCE OF S.Y.S. LLC'S PROOF OF CLAIM NO. 5 |
| In re: | |
| TIANJIN JAHO INVESTMENT INC., | |
| Debtor-in-Possession. | |

## I. INTRODUCTION

The Debtor-in-Possession ("Plaintiff") by and through its undersigned counsel, complains as set forth below:

## II. JURISDICTION AND VENUE

1. This is an action to disallow in whole or in part a proof of claim, and/or its secured status, asserted against the bankruptcy estate.

2. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

3. This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(b)(2)(B) and (K), § 1334(a) and (b), 11 U.S.C. § 502, and Fed. R. Bankr. Pro. 3007(b).

4. This matter has been referred to the bankruptcy judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

5. Venue is proper under 28 U.S.C. § 1409.

## III. PARTIES

6. Plaintiff is a corporation incorporated in the state of Texas that conducts business in Everett, Washington.

7. Plaintiff is currently a debtor-in-possession in a Chapter 11 bankruptcy case.

8. Defendant S.Y.S., LLC ("SYS," together with Plaintiff, the "Parties") is a limited liability company incorporated under the laws of the State of Washington, that conducts business operations in Mill Creek, Washington.

9. SYS is a construction contractor that was hired by Plaintiff pre-petition for a building project.

## IV. STATEMENT OF FACTS

A. Construction History

10. In July 2018, Plaintiff purchased 10111 9th Ave West, Everett, WA 98204 (the

Salish Sea Legal PLLC
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
206-494-5350

"Property") for approximately $1.5 million.

11. On August 2, 2018, the Parties entered into a construction contract (the "Contract") in order to build a five-story residential apartment building at the Property (the "Project"). A true and accurate copy of the Contract is attached hereto as **Exhibit A**.

12. In the Contract, SYS represented to the Plaintiff that it would complete the Project for $ 7.3 million by a date certain of August 7, 2020 (the "Construction Completion Date").

13. On June 12, 2019, Plaintiff obtained construction financing from Construction Loan Services II, LLC ("CLS") in the amount of $9.5 million ("Construction Loan").

14. The Construction Loan had a maturity due date (August 7, 2020) of substantially the same date as the Construction Completion Date (August 5, 2020).

15. Accordingly, SYS knew that time was of the essence to complete the Project.

16. Plaintiff timely paid SYS all amounts due under the Contract.

17. In order to obtain the Construction Loan, builder SYS also pledged an interest in certain land that it owned directly or indirectly on Waxon Street to CLS, which security interest would be reconveyed back to SYS once the Plaintiff had repaid $550,000 on the Construction Loan.

18. Contemporaneously with the Construction Loan, the Parties entered into a side agreement, wherein Plaintiff would pay SYS $12,000 for every month that it enjoyed the benefit of the additional Waxon Street collateral. A true and accurate copy of the Lien Allowance Agreement is attached hereto as **Exhibit B**.

19. No later than October 1, 2019, Plaintiff repaid the amount under the Lien Allowance Agreement back to CLS, such that the deed of trust could be reconveyed back to SYS.

COMPLAINT – 3

20. Nonetheless, for reasons outside of Plaintiff's control, CLS did not reconvey SYS's deed of trust back to it for more than two more years, until some date after the bankruptcy filing in 2021.

21. The Project in general was plagued by multiple delays caused by SYS.

22. The Project was not completed by the required first week of August, 2020 that SYS committed to in the Contract.

23. Frustrated because SYS was causing Plaintiff to be in technical default with the Construction Loan and the Project remained incomplete, Plaintiff entered into a supplemental agreement with SYS relating to completion of the Project.

24. On November 12, 2020, the Parties agreed that Plaintiff would pay some existing portion of disputed charges, and in return (§ 4), SYS would <u>guarantee</u> completion of the Project, together with tendering a certificate of occupancy, all by February 15, 2021.

25. A true and accurate copy of the "Project Completion Guaranty" (or "Guaranty") is set forth herein as **Exhibit C**.

26. The Guaranty was primarily drafted by SYS and/or its attorney.

27. Plaintiff paid all the amounts mandated by the Project Completion Guaranty timely.

28. But SYS again failed to timely complete the Project by the deadlines set forth therein.

29. As set forth in the Amended Materialman's Lien attached to Proof of Claim No. 5, SYS continued to work on the Project until May 13, 2021.

30. In March 2021, CLS and/or its assignees declared default on the Construction Loan.

31. In May, CLS and/or its assignees petitioned the Snohomish County Superior Court to impose a receiver on the project.

Salish Sea Legal PLLC
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
206-494-5350

32. Therefore, on May 26, 2021, Plaintiff was forced to file for Chapter 11 bankruptcy.

B. **The Contents of SYS Construction's Proof of Claim No. 5 and the Proper Calculation Thereof**

33. On July 30, 2021, in this bankruptcy proceeding, SYS filed proof of claim (No.5), asserting entitlement to an additional supposed $1,089,715.99 materialman's lien (i.e., secured claim).

34. On or about May 4, 2021, the original lien was apparently filed.

35. On or about May 19, 2021, SYS filed an amended materialman's lien.

36. The exhibit of materialman's lien attached to the proof of claim (p.6), provides SYS's owner's further statement under oath and under penalty of perjury that the "*claim of lien is not frivolous and is made with reasonable cause, and is not clearly excessive...*"

37. This representation was materially false when made.

38. The relevant state statute governing materialman's liens, provides that if a court finds that if a lien is frivolous and made without reasonable cause, or clearly excessive, "*the court shall issue an order releasing the lien if frivolous and made without reasonable cause, or reducing the lien if clearly excessive, and awarding costs and reasonable attorneys' fees to the applicant to be paid by the lien claimant.*" RCW 60.04.081(4).

39. The Proof of Claim is unsubstantiated on its face as to how the million dollar claim is calculated.

40. However, counsel for SYS has voluntarily shared the reimbursement sheet for why SYS asserts that it is owed $1,089,715.99 on a secured basis.

41. A true and accurate copy of the "Reimbursement Sheet" is attached hereto as **Exhibit**

Salish Sea Legal PLLC
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
206-494-5350

**D**.

42. Suffice it to say that with the exception of two Change Orders (2002 and 2003) that are referenced in the November 11, 2020 Project Completion Guaranty as future "to be determined" obligations, the balance of the charges asserted in the Reimbursement Sheet and under the Amended Materialman's Lien attached to Proof of Claim No. 5 lie outside the scope of the Guaranty, and hence are unenforceable against the Plaintiff.

43. To the extent that such additional fees and charges listed in the Reimbursement Sheet post-date the Guaranty, they were not separately agreed to by the Parties.

44. In the Project Completion Guaranty, SYS agreed a final result (certificate of occupancy by February 15, 2021) in exchange for a fixed amount of payments from the Plaintiff.

45. Plaintiff timely tendered all amounts due under the Guaranty.

46. Plaintiff complied with all obligations thereunder and did not breach or default under the Guaranty.

47. In particular, Plaintiff complied with ¶ 1 of the Guaranty.

48. Plaintiff complied with ¶ 2 of the Guaranty.

49. Plaintiff complied with ¶ 5 of the Guaranty.

50. Plaintiff complied with ¶ 6 of the Guaranty.

51. And Plaintiff complied with ¶ 7 of the Guaranty.

52. Per the terms of the Guaranty, SYS was limited to payment of the amounts set forth therein, and was not entitled to return substantially later and assert yet another $1 million or more of charges.

53. The figures included within the Amended Materialman's Lien and the Proof of Claim

Salish Sea Legal PLLC
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
206-494-5350

are substantially overstated in light of the prior Guaranty that bars their inclusion.

54. As but one example, Proof of Claim No. 5 includes within its total claim amount of more than $1 million, a certain change order (2001), that was created on June 6, 2020, i.e., was in existence prior to the execution of the Project Completion Guaranty.

55. A true and accurate copy of the 2001 Change Order is attached hereto as **Exhibit E**.

56. Change Order 2001 is in the amount of $377,530.48.

57. The Change Order is unsigned by the Plaintiff as required to be a binding obligation.

58. Moreover, the Project Completion Guaranty provided (§ 3) that as of November 11, 2020, "*nothing further is owed by owner as to any other change order invoices or fees*" (i.e., an unsigned Change Order from the previous June).

59. Also barred by the Project Completion Guaranty are approximately $200,000 in fees (at $12k per month) asserted by SYS against Plaintiff for the benefit of pledging its collateral to CLS.

60. SYS may not impose on Plaintiff collateral use charges for time periods (2 years) that postdate Plaintiff's repayment of the required amount to CLS, when CLS should have reconveyed the Waxon Street property, but for whatever reason, did not.

61. The Lien Allowance Agreement did not require Plaintiff to cause CLS to reconvey the relevant deed of trust back to SYS, only to pay the $550,000 back to CLS.

62. This makes sense, because as a non-owner of the Waxon Street property pledged to CLS, Plaintiff lacked standing to demand that CLS return SYS's property to SYS.

63. SYS's inclusion of amounts due under the Lien Allowance Agreement are similarly improper as a purported secured materialman's claim, because extending credit or the

COMPLAINT – 7

use of financing falls outside the scope of the Materialman Lien Statute, RCW 60.04.

64. Plaintiff has been further damaged by SYS because creditor did not complete the Project by the dates either set forth in the Original Construction Contract, or the Completion Guaranty Agreement, despite being fully aware of the Plaintiff's financing and repayment obligations to CLS.

65. SYS's failure to timely complete the Project is the cause in fact of the Plaintiff's bankruptcy filing, and directly caused the loss of the value of Plaintiff's equity.

### IV. CAUSE OF ACTION: OBJECTION TO PROOF OF CLAIM NO. 5
### (11 U.S.C. § 502(b) and Federal Rule of Bankruptcy Procedure 3007 and RCW 60.04.081 [frivolous lien claim])

66. The Plaintiff restates as if set forth herein all the contents of the preceding allegations.

67. SYS filed Proof of Claim No.5 in this case in the amount of $1,089,715.99.

68. SYS maintains that all of the Proof of Claim is secured.

69. Nearly 25% of the Proof of Claim – the amounts supposedly owed under the Waxen Road Lien Agreement – can *per se* not be part of any secured claim.

70. Moreover, the proper amount of such *unsecured* portion of the Proof of Claim should under no circumstances exceed four months of $12,000 payments, because by October 1, 2019, Plaintiff repaid sufficient funds for CLS to release the Waxen Road property back to SYS.

71. SYS also asserts the right to collect more than $500,000 on Change Orders 2001, 2002, and 2003.

72. None of these Change Orders were signed or agreed to, and therefore are not enforceable against the bankruptcy estate.

Salish Sea Legal PLLC
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
206-494-5350

73. Moreover, Change Order 2001 for more than $377,000, predates (June 2020) the Projection Completion Guaranty (November 2020), but is formally waived by that Agreement when it provides (§ 3) that unreferenced change orders (such as 2001) shall not be asserted against Plaintiff.

74. To the extent that any portions of the Reimbursement Sheet may be charged against the Debtor-in-Possession, such claims must be expressly reserved in the Completion Guaranty Agreement, which they are not.

75. The bulk of all charges set forth in the Reimbursement Sheet postdate November 2020 and so may not be added to the financial obligations that Plaintiff took on in November 2020.

## V. PRAYER FOR RELIEF

The Plaintiff requests for the following relief:

A. That the Court reform SYS's proof of claim no. 5, to only allow those amounts that are actually allowed and secured and not barred by the Project Completion Guaranty or the Lien Allowance Agreement or lack of assent/mutuality;

B. That the attorney's fees incurred in establishing the proper value of SYS's proof of claim be paid to the bankruptcy estate by SYS, and

C. For such other relief as the Court deems appropriate.

DATED: November 23, 2021

Salish Sea Legal PLLC
2212 Queen Anne Ave. N., No. 719
Seattle, WA 98109
206-494-5350

SALISH SEA LEGAL PLLC

By /s/ Ben Ellison
Benjamin A. Ellison, WSBA # 48315
2212 Queen Anne Ave N., No.719
Seattle, WA 98109
Counsel for the Debtor-in-Possession